IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV137-1-MU

| | |
|---|---|
| JERRY BERNARD JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DOUG E. MITCHELL, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed April 15, 2004, and Petitioner's Request for Discovery, filed April 14, 2004..

Upon a review of the record, the arguments, and applicable authorities, the Court finds that Respondent's motion for summary judgment should be granted and Petitioner's § 2254 petition for writ of habeas corpus should be dismissed.

## PROCEDURAL BACKGROUND

On January 24, 2003, Petitioner pled guilty in the Superior Court of Mecklenburg County to possession of cocaine, maintaining a dwelling, resisting a public officer, and trafficking in cocaine. Petitioner was sentenced to 8-10 months plus 35-42 months imprisonment. Petitioner did not directly appeal his sentence or conviction.

On February 5, 2003, Petitioner filed a pro se Motion for Appropriate Relief (MAR) in the Superior Court of Mecklenburg County. On February 26, 2003, oral argument was heard on Petitioner's MAR. On March 3, 2003, the Superior Court denied Petitioner's MAR. On March

17, 2003, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. On April 4, 2003, certiorari was dismissed without prejudice to Petitioner's filing another petition for writ of certiorari with verification and a signed copy of the written order denying his MAR. On October 30, 2003, Petitioner filed another pro se certiorari petition in the North Carolina Court of Appeals. Certiorari was denied on November 18, 2003. On December 8, 2003, Petitioner filed another pro se certiorari petition in the North Carolina Court of Appeals which was denied December 23, 2003. In the meantime, Petitioner filed a pro se certiorari petition in the Supreme Court of North Carolina on December 3, 2003. The Supreme Court denied certiorari on March 4, 2004, by order witnessed March 8, 2004. On February 17, 2004, Petitioner filed another pro se certiorari petition in the North Carolina Court of Appeals which was denied on March 9, 2004.

On April 2, 2004, Petitioner filed the instant federal habeas petition. In his federal habeas petition Petitioner alleges that: (1) his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (2) he was denied a fast and speedy trial; (3) he received ineffective assistance of counsel; (4) there was prosecutorial misconduct; (5) there was judicial conflict; and (6) his second arrest was made pursuant to an invalid habitual felon indictment for the first arrest.

## ANALYSIS

### A. Applicable Law

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must

have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews the claims questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court."

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

3

Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

## A. ILLEGAL SEARCH AND SEIZURE

Petitioner alleges that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure conducted on January 21, 2000, at his home.

Respondent argues, and this Court agrees, that Petitioner is barred from raising his Fourth Amendment claim. In Stone v. Powell, 428 U.S. 465, 494 (1976), the United States Supreme

Court held that federal habeas corpus is not available for review of Fourth Amendment claims where the state provided full and fair litigation of the claim. In the instant case, Petitioner was afforded a full and fair opportunity to litigate the substance of his current Fourth Amendment search and seizure claim during his pre-trial suppression hearing. At the conclusion of this hearing the state judge entered findings of fact and conclusions of law and denied the substance of Petitioner's claim. Petitioner also raised this exact claim in his second MAR and it was denied. Consequently, Petitioner is barred from raising his Fourth Amendment claim in this federal habeas corpus proceeding.

Moreover, by entering his knowing, voluntary, and counseled guilty plea, Petitioner waived all allegations of antecedent, non-jurisdictional, constitutional rights such as his current Fourth Amendment search and seizure claim. See Tollett v. Henderson, 411 U.S. 258 (1973). Furthermore, Petitioner did not preserve his right to appeal the denial of his suppression motion in his plea bargain and he did not file a direct appeal.

Finally, the Court notes that Petitioner raised the substance of his current Fourth Amendment claim in his MAR. In denying this claim, the MAR court ruled:

> The Defendant further asserts in his motion that the Court erroneously denied his motion to suppress made prior to trial. When this matter was called for hearing, the Court conducted an evidentiary hearing on the motion to suppress and heard testimony from several Charlotte-Mecklenburg Police officers and the Defendant. The Defendant's motion to suppress arose out of his arrest in January, 2000. The Court heard the evidence, had the opportunity to judge the credibility of the witnesses, considered the law on the matter and the arguments of counsel for the State and the Defendant. The Court at that time entered appropriate findings of fact and conclusions of law and based thereon, denied the Defendant's motion to suppress. The Court has now, based upon the Defendant's motion for appropriate relief, reconsidered the Defendant's motion to suppress and any and all new or different

allegations contained in the motion for appropriate relief, and finds
the motion to be without any merit whatsoever.

Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Petitioner does not meet his burden.

## B. SPEEDY TRIAL VIOLATION

Petitioner also alleges that he was denied a fast and speedy trial. More specifically, Petitioner generally alleges that the three year delay between his arrest and conviction was not caused by his actions and that he suffered harm as a result of the delay.

Again, by entering his knowing, voluntary, and counseled guilty plea, Petitioner waived all allegations of antecedent, non-jurisdictional, constitutional rights such as his current speedy trial claim. See Tollett v. Henderson, 411 U.S. 258 (1973); see also United States v. Montgomery, 69 Fed. Appx. 132 (4th Cir. 2003)(applying Tollett in a speedy trial context). As such his claim must fail.

Moreover, Petitioner raised the substance of his current speedy trial claim in his MAR. In denying this claim, the MAR court ruled:

> That the defendant's motion to dismiss based upon his assertion
> that he had been denied a speedy trial was heard by the
> undersigned during the January 20th-24th, 2003 week of court in
> Mecklenburg County, the same week Defendant pled guilty to the
> offenses of which he was charged. While hearing the Defendant's
> motion to dismiss for lack of speedy trial, it was determined that
> the Defendant had failed to appear while this matter was awaiting

> trial and that the Defendant had absconded and was a fugitive from justice for at least 6 months during said period of time. It further appeared that (1) the delay was not unreasonable considering all the circumstances; (2) the reasons for any delay caused by the State were reasonable; and (3) the delay had not prejudiced the Defendant in any manner whatsoever. The Defendant in fact originally made a motion to continue his trial, which he later withdrew.

Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In <u>Barker v. Wingo</u>, 407 U.S. 514 (1972), the Supreme Court held that to establish a constitutional speedy trial violation, a defendant must show that on balance four factors weigh in his favor: (1) length of delay; (2) reason for delay; (3) assertion of speedy trial right; and (4) prejudice. Petitioner does not assert, and this Court does not find, that the state court decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Likewise, Petitioner does not assert and this Court does not find that the state court ruling was based on an unreasonable determination of facts, in light of the evidence presented in state court proceedings.

## C. <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

Petitioner also alleges that he received ineffective assistance of counsel. More specifically, Petitioner asserts in his federal habeas petition that:

> Except for counsel's (sic) Frazier's poor performance which fell way below the objective standard a different result would have happen (sic). Petitioner asserts this counsel's failure to prepare not

7

> (1) pre-trial motion or participate through these proceedings with the exception that he was present on arraignment and evidentiary hearing January 22-24, 2003. Counsel Frazier fail (sic) to make a professional challenge on any level.

Petitioner raised the substance of his current ineffective assistance of counsel claim in his amended MAR. As noted above, the MAR Court "having considered the allegations contained in the motion and case file, and after hearing argument from Defendant/Petitioner" . . . ruled that it had "considered all other allegations contained in the motion for appropriate relief and finds no probable grounds for the relief requested, either in law or in fact." Such a summary dismissal is consider an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

The established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden

of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

Petitioner's allegations are conclusory at best and insufficient to meet his burden as set forth by the above-cited Supreme Court precedent. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim – or for that matter on any claim – a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") .

Based upon the above, this Court cannot conclude that the state court's decision to deny Petitioner's ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

## D. **BRADY CLAIM**

Petitioner also alleges that there was prosecutorial misconduct. In support of his assertion, Petitioner states "[u]nder "Brady" the prosecutor withheld evidence favorable to

Petitioner concerning the police probable cause for arrest for habitual felon defective indictments."

Again, by entering his knowing, voluntary, and counseled guilty plea, Petitioner waived all allegations of antecedent, non-jurisdictional, constitutional rights such as his current speedy trial claim. See Tollett v. Henderson, 411 U.S. 258 (1973). As such his Brady claim must fail.[2]

In addition, Petitioner raised the substance of his current Brady claim in his MAR. In denying this claim, the MAR court ruled:

> Petitioner also asserts in his motion that the State withheld evidence prior to trial. The Court also considered this allegation of the Defendant prior to the Defendant entering his guilty plea. The Court determined that the State had provided complete discovery to the Defendant, through counsel, and had complied with and provided documents upon all requests made by Defendant and otherwise had complied with North Carolina law regarding discovery.

Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In Brady the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the

---

[2] Petitioner states that the evidence he alleges the prosecution withheld from him, Officer Sell's supplemental report, was turned over to him after his suppression hearing.. See Pet. Resp. Mot. Sum. J. P. 12.

prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). In order to successfully assert a Brady violation, a defendant must demonstrate that: 1) the evidence at issue was favorable to the defendant, whether directly exculpatory or of impeachment value; 2) it was suppressed by the state, whether willfully or inadvertently; and 3) it was material." Spicer v. Roxbury Correctional Institute, 194 F.3d 547, 555 (4th Cir. 1999).

Petitioner's conclusory assertion that a supplemental police report was withheld is wholly insufficient to support a Brady claim in the federal habeas context. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Petitioner has clearly failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Nor has Petitioner established that the state court ruling was based on an unreasonable determination of facts, in light of the evidence presented in state court proceedings.

### E. **JUDICIAL CONFLICT**

Petitioner alleges that a judicial conflict existed because "[t]he court cited before, during evidence hearing Petitioner was or contributed to his injuries. Identical statement made by city attorney concerning (civil suit) against arresting police."

Petitioner raised the substance of his current judicial conflict claim in his amended MAR. As noted above, the MAR Court stated that "having considered the allegations contained in the motion and case file, and after hearing argument from Defendant/Petitioner" . . . it ruled that it had "considered all other allegations contained in the motion for appropriate relief and finds no probable grounds for the relief requested, either in law or in fact." Such a summary dismissal is

consider an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc).

Petitioner does not specify precisely what the presiding judge allegedly said that revealed a judicial conflict and thus his allegations are insufficient to state a claim. This is especially true in light of the Supreme Court's ruling in Liteky v. United States, 510 U.S. 540, 555 (1994), that "opinions formed by the judge on the basis of facts or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism . . . ." Moreover, by entering his knowing, voluntary, and counseled guilty plea, Petitioner waived all allegations of antecedent, non-jurisdictional, constitutional rights such as his current Fourth Amendment search and seizure claim. See Tollett v. Henderson, 411 U.S. 258 (1973).

**F. HABITUAL FELON**

Petitioner alleges that his second arrest was made pursuant to an invalid habitual felon indictment for the first arrest.

It is difficult to discern exactly what Petitioner's claim is raising. It appears that he may be arguing that the drugs discovered during his arrest in May 2001, should not be admissible because his habitual felon indictments were subsequently dismissed and therefore the drugs were "fruit of the poisonous tree."

To the extent it is another search and seizure claim, such claim is denied for all the reasons set forth previously. See Stone v. Powell, 428 U.S. 465, 494 (1976).

To the extent Petitioner is challenging an habitual felon indictment, alleged deficiencies in state court indictments are not ordinarily a basis for federal habeas relief unless they render the

entire proceeding fundamentally unfair, which is not the case here. See Asheford v. Edwards, 780 F.2d 405 (4th Cir. 1985).

Moreover, Petitioner raised the substance of his current habitual felon claim in his MAR or amendments thereto. As noted above, the MAR Court after "having considered the allegations contained in the motion and case file, and after hearing argument from Defendant/Petitioner" . . . ruled that it had "considered all other allegations contained in the motion for appropriate relief and finds no probable grounds for the relief requested, either in law or in fact." Such a summary dismissal is consider an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). The state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

## G. DISCOVERY REQUEST

Petitioner has requested that the Court order Respondent to produce the chain of custody evidence with regard to complaints nos. 2000-01-05-222100 and 2000-01-21-164301. In addition, Petitioner asks that the transcript from the January 21-24 2004, and February 26, 2003 proceedings be produced.[3]

Pursuant to Rule 6 of the Rules Governing Habeas Corpus Cases Under Section 2254, a prisoner must seek leave of court and demonstrate good cause before he is entitled to any form of discovery in a federal habeas corpus proceeding. Discovery in such proceedings is extremely

---

[3] Petitioner filed a document on May 20, 2004, stating that he had received copies of these transcripts from the appellate defender on April 29, 2004.

limited. See Bracy v. Gramley, 520 U.S. 899, 117 S. Ct. 1793, 1796-97 (1997). After reviewing the record in this case, the Court concludes that discovery is unnecessary in this case and Petitioner's Motion for Discoveries is denied.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**;

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**; and

3. Petitioner's Request for Discovery is **DENIED**.

**Signed: December 20, 2005**

Graham C. Mullen
Chief United States District Judge